UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

March 31, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-1324

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> JASON BEST, a/k/a JBOO, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division <br><br> No. 00 CR 171(1) <br><br> **Rudy Lozano,** *Judge*. |

## O R D E R

Jason Best was convicted by a jury of one count of conspiracy to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846, two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and two counts of maintaining a place for distribution of crack cocaine in violation of 21 U.S.C. § 856(a)(1). Relying on the Sentencing Guidelines, the district court sentenced Best to life imprisonment. In *United States v. Best*, 426 F.3d 937 (7th Cir. 2005), we ordered a limited remand of Best's sentence in accordance with *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), so that the district court could determine whether it believed the sentence remains appropriate now that *Booker* has relegated the Sentencing Guidelines to advisory status. In all other respects, we affirmed the judgment of the district court.

The district court has replied that, now knowing that the Guidelines are not mandatory, it would reimpose the same sentence. Referencing the factors enumerated in 18 U.S.C. § 3553(a) , the court stated that "[t]he complexity of Best's distribution system, the extended period of time in which he distributed crack, and the very, very significant quantities of crack cocaine Best supplied to his co-conspirators for sale in Gary, Indiana, all contribute to the extremely serious nature of Best's offenses." (Internal quotation marks and brackets omitted). The court also noted that Best possessed weapons in furtherance of his distribution scheme, that Best lacked remorse and refused to accept responsibility for his actions, and that Best is a repeat offender who "embodies the definition of a recidivist."

In *Paladino*, we held that if a district court responds to a limited remand with a statement that it would reimpose the same sentence, "we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable, the standard of appellate review prescribed by *Booker*, 125 S.Ct. at 765." 401 F.3d at 484. In *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005), we held that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Id.* at 608.

We invited both parties to file any arguments concerning the reasonableness of Best's sentence. The government filed a statement urging us to find the sentence reasonable and affirm; Best did not respond. Best has therefore failed to rebut the presumption of the reasonableness of his sentence. Our independent review does not suggest that the sentence is unreasonable.

We therefore AFFIRM the sentence issued by the district court.